Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 3712 | **DATE** | 8/5/2003 |
| **CASE TITLE** | Shields vs. Property Management One, LTD, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing set for 8/28/2003 at 9:30 A.M..

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendant Property Management One, LTD's motion to dismiss counts II, III, IV and VII [12-1] is granted. Defendant Chicago Housing Authority's motion to dismiss counts I, II, III, IV and VII [13-1] is granted. Defendant Marlene Dau's motion to dismiss counts II, III, IV and VII [10-1] is granted. The parties shall appear for a status hearing on August 28, 2003 at 9:30 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | AUG 0 7 2003 | 23 |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

DOCKETED
AUG 0 7 2003

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CLINT SHIELDS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 02 C 3712 |
| v. | ) | |
| | ) | |
| PROPERTY MANAGEMENT ONE, LTD., | ) | |
| et al., | ) | Judge Joan B. Gottschall |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Clint Shields has brought this suit against his former employer Property Management One, LTD ("PMOne"), his former supervisor Marlene Dau, and the Chicago Housing Authority ("CHA"), for claims arising out of his employment with PMOne. In his complaint, Shields asserts: a claim against PMOne and CHA under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, for sexual harassment (count I); a claim against all defendants under 42 U.S.C. § 1983 for sexual harassment (count II); a claim against all defendants under Title VII for retaliation (count III); and a claim against all defendants under § 1983 for retaliation (count IV). Shields further asserts claims against Dau under Illinois state law for intentional infliction of emotional distress and negligent infliction of emotional distress (counts V and VI, respectively). Lastly, Shields asserts a claim against all defendants for wrongful discharge under Illinois state law (count VII). Defendants PMOne and Dau have moved separately to dismiss counts II, III, IV, and VII of Shields' complaint. Defendant CHA has moved to dismiss counts I, II, III, IV, and VII of Shields' complaint. For the reasons set forth below, defendants' motions to dismiss are granted.

## Background

PMOne is a private corporation that contracts with property owners to provide property management services. Among PMOne's clients is CHA, a municipal government entity that provides and administers housing for its low-income and qualifying residents. In 1997, PMOne hired Shields as a Property Manager. In June 2000, Shields was promoted to Regional Property Manager, and was directly supervised in this capacity by Dau, Vice President of PMOne's Chicago Regional Office. On September 20, 2001, PMOne terminated Shields' employment. On November 13, 2001, Shields filed a charge of discrimination against PMOne with the Illinois Department of Human Rights and the EEOC. In his charge, Shields alleges that he was discriminated against on the basis of his sex and, specifically, that he was "subjected to harassment in the forms of false accusations, disciplinary actions, and threats of discharge from the Vice President of the Chicago region"; was suspended without pay in March 2001; was "subjected to incidents of offensive verbal comments from the current Director of Property Management"; and was discharged on September 20, 2001. Shields did not name CHA in his EEOC charge. The EEOC issued a right-to-sue letter on February 21, 2002, and on May 23, 2002, Shields filed his complaint.

## Analysis

A dismissal under Fed. R. Civ. P. 12(b)(6) for failure to state a claim is improper unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Ekerman v. City of Chicago*, No. 01 C 9686, 2002 WL 1008458, at *1 (N.D. Ill. May 16, 2002) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In ruling on a motion to dismiss, the court must construe the allegations of the complaint in the light most favorable to the plaintiff, and all well-pleaded facts and allegations in the complaint must be accepted as true. *Id.*

**Title VII Sexual Harassment (Count I) and Title VII Retaliation (Count III)**

CHA contends that counts I and III of Shields' complaint, which allege a violation of Title VII based on sexual harassment against PMOne and CHA, and a Title VII retaliation claim against all defendants, respectively, should be dismissed as to CHA because Shields failed to list CHA on his charge and, even more fundamentally, Shields failed to establish that CHA was his employer for purposes of Title VII.

To state a claim under Title VII, a plaintiff must, at the very least, allege that a defendant is his employer within the meaning of the Act. 42 U.S.C. § 2000e-2(a)(1); *Davis v. Commonwealth of Penn.*, No. 01-3091, 2002 U.S. Dist. LEXIS 3357, at * 14 (E.D. Pa. Feb. 22, 2002 (granting a motion to dismiss a Title VII claim because plaintiff failed to allege an employment relationship between himself and defendant); *Caston v. Methodist Med. Ctr. of Ill.*, 215 F. Supp. 2d 1002, 1006 (C.D. Ill. 2002) (same). Because Shields has failed to allege that he had any employment relationship with CHA, his Title VII claims must be dismissed against CHA.

Even assuming CHA could somehow be deemed to be Shields' employer, Shields' claims still fail because CHA was not named in Shields' EEOC charge. A party not named in an EEOC charge cannot generally be sued under Title VII. 42 U.S.C. § 2000e-5; *Schnellbaecher v. Basking Clothing Co.*, 887 F.2d 124, 126 (7th Cir. 1989). A limited exception to this rule exists where an unnamed party is given adequate notice of the charge and opportunity to participate in conciliation proceedings aimed at voluntary compliance. *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130*, 657 F.2d 890, 905 (7th Cir. 1981). A Title VII complaint will be dismissed as to an unnamed party where a plaintiff fails to allege any facts that warrant an exception to the general rule. *Perkins v. Silverstein*, 939 F.2d 463, 471 (7th Cir. 1991). Here, Shields has failed to show that CHA

3

had notice of any claims against it and was given an opportunity to participate in EEOC conciliation proceedings. CHA's motion to dismiss is granted as to counts I and III.

In addition, PMOne moves to dismiss count III for retaliation under Title VII.[1] Generally, a Title VII plaintiff cannot bring claims in a lawsuit that were not included in his EEOC charge. *Cheek v. Western and Southern Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994). Allowing the complaint "to encompass allegations outside the ambit of the predicate EEOC charge would frustrate the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge." *Id.* Because most EEOC charges are completed by laypersons, not lawyers, the test for determining whether an EEOC charge encompasses the claims in a complaint provides the plaintiff with "significant leeway." *Id.* Title VII claims set forth in a complaint are cognizable if they are "like or reasonably related to the allegations of the charge and growing out of such allegations." *Id.* (quoting *Jenkins v. Blue Cross Mut. Hosp. Ins., Inc.*, 538 F.2d 164, 167 (7th Cir. 1976).

In his EEOC charge, Shields alleged that he had been subjected to, among other things, "harassment in the form of . . . threats of discharge from the Vice President of Chicago Region [Dau]" and that "[m]ost recently . . . [Shields] was suspended without pay." Shields concludes his allegations by stating, "On September 20, 2001, I was discharged." Shields' EEOC charge makes no mention of retaliation by anyone at PMOne, nor does it even state that Shields' lodged any complaints to management at PMOne regarding the sexual harassment. "[R]etaliation and discrimination are separate and distinct wrongs," given that "the very gist of a retaliatory harassment action is that the employer has 'lashed out' against an employee for filing discrimination charges, not out of animosity for the employee's race or national origin." *Nair v. Bank of Am. Illinois*, 991

---

[1]Shields voluntarily dismissed count III against Dau.

4

F. Supp. 940, 954 (N.D. Ill. 1997); *see Noreuil v. Peabody Coal Co.*, 96 F.3d 254, 258 (7th Cir. 1996) (stating that retaliation claims and discrimination claims are "sufficiently dissimilar that an administrative charge of one fails to support a subsequent civil suit for the other"); *Lalvani v. Cook County*, No. 98 C 2847, 2000 WL 198459, at *5 (N.D. Ill. Feb. 14, 2000) ("Because Lalvani's retaliation claim in his EEOC charge does not encompass the discriminatory animus alleged in his disparate treatment claim in this case, the Court finds the two claims are not reasonably related and do not grow out of the same allegations."). Because the Title VII retaliation charge contained in count III of Shields' complaint is not reasonably related to the allegations made in Shields' EEOC charge, count III is dismissed as to all defendants.

**Section 1983 Sexual Harassment (Count II) and Section 1983 Retaliation (Count IV)**

PMOne, CHA and Dau argue that counts II and IV of Shields' complaint, sexual harassment and retaliation claims based on § 1983 against all defendants, should be dismissed because Shields has failed to plead sufficient facts to establish municipal liability under Rule 8. The court agrees. Because Shields failed to tie CHA to PMOne or the alleged discrimination at issue here, Shields' § 1983 claims fail as to CHA. Without CHA (a municipal entity) as a defendant, Shields' § 1983 claims against the private entities, PMOne and Dau, also fail.

To state a claim against the defendants for violations of § 1983, Shields must allege that each: (1) deprived him of his constitutional rights while (2) acting under the color of state law. 42 U.S.C. § 1983; *Fries v. Helsper*, 146 F.3d 452, 457 (7th Cir. 1998). PMOne and Dau are private parties. Generally speaking, the protections of § 1983 do not extend to private conduct that violates individual rights. *NCAA v. Tarkanian*, 488 U.S. 179, 191 (1988). Therefore, in order to succeed on the merits, Shields must demonstrate that the alleged infringement of federal rights is "fairly

5

attributable to the State." *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982).

The Supreme Court has developed a number of tests to help determine whether private action can qualify as state action in any given case. The tests articulated by the Supreme Court are not exhaustive, and "[t]he question of whether conduct may be considered state action is a fact based inquiry and therefore must be answered on a case by case basis." *Stillwell v. Mayflower Contract Servs., Inc.*, No. 94 C 7253, 1995 WL 368898, at *3 (N.D. Ill. June 19, 1995) (citing *Burton v. Wilmington Parking Authority*, 365 U.S. 715, 722 (1961)). Under the "symbiotic relationship" test, state action is present if "[t]he State has so far insinuated itself into a position of interdependence with [the private entity] that it must be recognized as a joint participant in the challenged activity." *Burton*, 365 U.S. at 725. In an attempt to show that CHA, PMOne and Dau were "joint participant[s]," Shields alleges that they conspired to intimidate, harass and retaliate against him. While there is no heightened pleading requirement for civil rights actions, *Leatherman v. Tarrant County Narcotics Intelligence & Coord. Unit*, 507 U.S. 163, 168 (1993), in order to survive a motion to dismiss, a pleading must contain enough to allow the court and the defendant to understand the gravamen of the plaintiff's complaint. *McCormick v. City of Chicago*, 230 F.3d 319, 323-24 (citing *Payton v. RushPresbyterian-St. Luke's Medical Center*, 184 F.3d 623, 625 (7th Cir. 1999)). It is enough in pleading a civil conspiracy merely to indicate the parties, general purpose, and approximate date, so that the defendant has notice of what he is charged with.[2] *Walker*, 288 F.3d at

---

[2]PMOne relies primarily on *Ryan v. Mary Immaculate Queen Ctr.* for the proposition that bare allegations of a conspiracy among a group of defendants are insufficient under Fed. R. Civ. P. 8 and therefore cannot survive a motion to dismiss. 188 F.3d 857, 860 (7th Cir. 1999). However, the ruling in *Ryan* has been severely limited, most notably by *Swierkiewicz v. Sorema N.A.*, where the Supreme Court held that under a notice pleading system it is inappropriate to require a plaintiff to plead facts establishing a prima facie case. 534 U.S. 506, 511 (2002). The Seventh Circuit clarified the ruling in *Ryan*, and quoted *Swierkiewicz* in the process, by

1007. It is within this framework that the court must determine the sufficiency of Shields' conspiracy allegations.

Even under liberal notice-pleading standards, Shields has failed to provide adequate notice to PMOne, Dau, and CHA of the conspiracy claim against them. The only mention of communication of any kind between PMOne and CHA is found in Paragraph 18 of Shields' complaint, which simply states that Dau had a "close personal relationship and friendship with Ms. Ruby Holley, the Asset Manager for CHA." Ms. Holley, however, is never again mentioned in the complaint. Moreover, while Shields alleges that the Inspector General of CHA refused to assign Shields' sexual harassment complaint for investigation, Shields does not explain why CHA had a duty to investigate alleged harassment at PMOne, nor does he even make a boilerplate assertion that this failure on the part of the CHA's Inspector General's Office to assign the claim was part of a larger conspiracy between CHA and PMOne. Shields does allege in Paragraph 28 (and only in Paragraph 28) of his complaint that "The Defendants conspired to intimidate, harass, and retaliate against . . . Shields, to punish him and those who dared to support him, and to protect Defendants from public disclosure of the pattern and practice of sexual harassment within PMOne." While this may adequately allege the general purpose of an alleged conspiracy, Shields has not provided facts regarding the identities of the parties involved in the alleged conspiracy. Moreover, Shields has not pled which defendants jointly agreed to carry out which alleged violations of his civil rights. Consequently, the court cannot conclude that Shields has provided the defendants adequate notice of the gravamen of his complaint, such that they would be able to adequately prepare their defense

---

reiterating that there is no requirement in federal suits of pleading the facts or the elements of a claim (with the exceptions listed in Rule 9, which do not apply in the instant case). *Walker v. Thompson*, 288 F.3d 1005, 1007 (7th Cir. 2002).

7

with respect to the conspiracy allegation. *Walker*, 288 F.3d at 1008 (noting that the two roles of notice pleading are to enable defendants to prepare their defense and to allow the district court to determine whether an alleged claim is within the realm of possibly valid claims). Shields' single reference to a conspiracy in his complaint, made against all defendants without differentiation and without specification, is insufficient to provide notice to the defendants of the claims against them.

The only other test suggested by Shields' allegations as a way to deem PMOne a state actor for purposes of § 1983 is the "public function" test. *Rendell-Baker*, 457 U.S. at 842. The relevant inquiry under this test is not simply whether a private entity is serving a "public function." *Id.* Under this test, the relevant question is whether "the function performed has been traditionally the *exclusive* prerogative of the State." *Id.* (emphasis in original) (internal quotation marks and citations omitted). Shields has not provided the court with any authority (nor can the court locate any authority) that suggests that providing the service of property management for a public entity is a function that is within "the exclusive prerogative of the State." *Wade v. Byles*, 83 F.3d 902, 906 (7th Cir. 1996) (private security company employed by the Chicago Housing Authority did not perform function that was within the exclusive prerogative of the state); *see also Stillwell*, 1995 WL 368898, at *3 (private company that provided bus service for public school district is not performing function that is exclusively prerogative of the state). PMOne therefore does not meet the "public function" test.

Because § 1983 is directed at municipal liability (and private actors who act in concert with the government entity), Shields' failure to tie CHA to PMOne and the present dispute dooms any

8

§ 1983 claims CHA, as well as against PMOne and Daw.[3] Therefore, counts II and IV are dismissed as to all defendants.[4]

**State Law Wrongful Discharge (Count VII)**

Lastly, the defendants[5] contend that count VII of Shields' complaint, which alleges a common law claim for retaliatory discharge against all defendants, should be dismissed because the retaliatory discharge claim is preempted by the Illinois Human Rights Act, 775 ILCS 5/1-101, *et seq.* ("IHRA"). The IHRA, which prohibits sex discrimination and harassment, provides the exclusive means of redress for a retaliatory discharge action such as Shields'. 775 ILCS 5/8-111 (West 1994); *Corluka v. Bridgford Foods of Ill., Inc.*, 671 N.E.2d 814, 817 (Ill. App. 1996). While the common law tort of retaliatory discharge was first recognized in Illinois in 1978, the Illinois legislature passed the IHRA in 1980 which created a statutory retaliatory discharge cause of action. *Corluka*, 671 N.E.2d at 817. "This Act provides a means of redress for civil rights violations to the exclusion of common law retaliatory discharge actions." *Id.* Where a common law tort claim is inextricably linked to a civil rights violation, a district court will not have jurisdiction over the tort claim. *Maksimovic v. Tsogalis*, 687 N.E.2d 21, 23 (Ill. 1997). Here, Shields' common law retaliatory discharge claim is inextricably linked to his asserted civil rights violations, and as such, it is preempted by the IHRA.

---

[3]Generally, a municipal entity is not liable for the actions of its employees under a *respondeat superior* theory. *Monell v. Dept. of Social Servs.*, 436 U.S. 658, 691 (1978). Because employees of PMOne are not employees of CHA, Shields' argument that CHA had a custom or policy of allowing sexual harassment is irrelevant here.

[4]Because Shields has not provided allegations sufficient to support his § 1983 claims, the question of whether Shields' protestations against his alleged discriminatory treatment constituted constitutionally-protected speech need not be considered here.

[5]Shields voluntarily dismissed count VII against Dau.

Consequently, count VII is dismissed as to all defendants.

## Conclusion

For the reasons stated above, the defendants' motions to dismiss are granted.

ENTER:

JOAN B. GOTTSCHALL
United States District Judge

DATED: August 5, 2003